UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH JOHNSON, JR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-2333-B |
| | § | |
| AFFILIATED COMPUTER SERVICES, | § | |
| INC., and ACS EDUCATION | § | |
| SOLUTIONS LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Relief from Judgment. Doc. 105. For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

### I.

### BACKGROUND

On November 16, 2010, Joseph Johnson, Jr. ("Johnson") filed a complaint seeking a declaratory judgment relieving him of his obligation to repay student loans. Doc. 1, Compl. After giving Johnson multiple opportunities to amend his complaint, this Court granted Defendants', Affiliated Computer Services, Inc. ("ACS") and ACS Education Solutions LLC ("ACSES"), Motion to Dismiss on September 9, 2011, and dismissed the claim with prejudice due to Johnson's continual disregard and abuse of the rules of this Court. Doc. 68, Memorandum Opinion and Order, 17. Shortly thereafter, the Court entered final judgment and ordered that Johnson take nothing on his claims. Doc. 69, Final J.

On October 3, 2011, Johnson then moved for relief from judgment under Rules 60(b)(1), (3),

(4), and (6) arguing that the Court lacked subject-matter jurisdiction under diversity jurisdiction since the amount pled was less than $75,000. Doc. 71, Relief from J., ¶¶ 3, 5, 7. The Court denied this motion on February 1, 2012. Doc. 82, Order Den. Relief from J.

On February 9, 2012, Johnson then filed a motion to vacate the September 9, 2011 order and subsequent final judgment by raising similar arguments made in his previously denied motion for relief from judgment. Doc. 85, Mot. to Vacate. The Court denied the motion to vacate. Doc. 86, Order Den. Mot. to Vacate. On February 10, 2012, Johnson filed an appeal to the Fifth Circuit. Doc. 87, Notice of Appeal. The Fifth Circuit affirmed this Court's dismissal and held that the Court had subject-matter jurisdiction over this case at all times. *Johnson v. Affiliated Comput. Servs., Inc.*, 500 F. App'x. 265, 266 (5th Cir. 2012) (per curiam).

Now, almost eight years after the Court dismissed his claims, on May 1, 2019, Johnson filed this Motion for Relief from Judgment under Rule 60(b)(4) and (6) "to modify the dismissal . . . to instead dismiss it without prejudice." Doc. 105, Mot. for Relief from J., 1. Johnson cites to the Supreme Court case of *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016), as bestowing derivative sovereign immunity upon ACS and ACSES, which he argues denied this Court subject-matter jurisdiction over the Defendants. *Id.* Having been fully briefed by the parties, the Court proceeds to determining whether its prior judgment should be disturbed.

## II.

## LEGAL STANDARD

The purpose of Federal Rule of Civil Procedure 60(b) "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp. Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). In order to see that justice is done,

a court may relieve a party from final judgment. *Parker v. Wal-Mart Stores Inc.*, 464 F. App'x 224, 228 (5th Cir. 2010). A Rule 60(b) motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). "[A] 'reasonable time' depends on the facts of each case, taking into consideration [(1)] the interest in finality, [(2)] the reason for the delay, [(3)] the practical ability of the litigant to learn earlier of the grounds relied upon, and [(4)] prejudice to other parties." *Osborne v. Homeside Lending, Inc.*, 379 F.3d 277, 283 (5th Cir. 2004) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)). No matter the standard applied, "district courts have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment.'" *Cloud v. Quarterman*, WL 806911, *2 (N.D. Tex. Mar. 14, 2007) (quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)).

Under Rule 60(b)(4), a court may relieve a party from final judgment when "the judgment is void." Fed. R. Civ. P. 60(b)(4). The Fifth Circuit has recognized "two circumstances in which a judgment may be set aside under Rule 60(b)(4): 1) if the initial court lacked subject matter or personal jurisdiction; and 2) if the district court acted in a manner inconsistent with due process of law."[1] *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003) (citing *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998)). Under the first circumstance, any challenge to jurisdiction "should be sustained only where there is a clear 'usurpation of power' or 'total want of jurisdiction.'" *Callon Petroleum Co.*, 351 F.3d at 208 (quoting *Nemaizer v. Baker*, 793 F.2d 58, 64–65 (2d. Cir. 1986)).

Rule 60(b)(6) allows a court to "relieve a party . . . from final judgment, order or proceeding

---

[1] Here, Johnson only Motions for Relief from Judgment under the first circumstance due to the court's alleged lack of subject matter jurisdiction. Doc. 105, Mot. for Relief from J., 1.

for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Accordingly, relief from judgment should only be applied in "extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (citing *Ackermann v. United States*, 340 U.S. 193, 207 (1950)). Important to this case, the basis for challenge of the judgment must have been absent at the time of appeal so that Rule 60(b) may not serve as an end run around the statutory limitations of the appeals process. *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985).

## III.

## ANALYSIS

In this case, after examining the factors for a "reasonable time" under Rule 60(c)(1) the Court concludes that Johnson's Motion is untimely. First, reversing the Court's decision disturbs the finality of the proceedings that have already progressed for more than eight years and through multiple motions to relieve or vacate the judgment. *See Sony BMG Music Entm't v. Townsley*, 2009 WL 10669894, at *3 (W.D. Tex. Apr. 7, 2009) (waiting two years weighed against finality). Second, Johnson provides no explanation in his Motion or Reply Breif for delay in filing his Motion. *See First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992) (holding there was no "meaningful justification" to wait two years to file the motion). Third, Johnson also provides no explanation in his Motion or Reply Brief for an inability to earlier learn about the basis for his Motion. Lastly, reversing the Court's decision heavily prejudices ACS and ACSES since this would allow Johnson to refile his claim in this Court—or another court—which forestalls a resolution of the current claim indefinitely and would likely impose further legal costs upon ACS and ACSES. Furthermore, reversing the judgment could possibly prevent ACS and ACSES from collecting Johnson's student loan debt. *See Sony BMG Music Entm't*, 2009 WL 10669894, at *3 (finding that

a debt collector would be prejudiced from collecting a debt if the Court granted relief from judgment).

The Court, and subsequently the Fifth Circuit, has previously found that this Court had subject-matter jurisdiction at all times and now the Court does not find that this case otherwise presents an "extraordinary circumstance" warranting relief from judgment under Rule 60(b)(6). Additionally, the basis for the challenge of the judgment existed at the time of the appeal. While *Campbell-Ewald Co.* was decided in 2016—after the dismissal, appeal, and all subsequent motions—*Yearsley v. W.A. Ross Constr. Corp.*, 309 U.S. 18 (1940), was decided in 1940 and serves as the primary basis for Johnson's legal theory. In essence, Johnson argues that the September 9, 2011 dismissal of his claim is void since this Court lacked subject-matter jurisdiction since ACS and ACSES have derivative sovereign immunity. Doc. 105, Mot. for Relief from J., 2–3. Johnson cites to *Campbell-Ewald Co.* and *Yearsley* as the basis for his argument that ACS and ACSES derived sovereign immunity from the United States by operating "as an arm or agent of the . . . government." Doc. 105, Mot. for Relief from J., 2 (quoting *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1379 (5th Cir. 1980)). Thus, Johnson argues that ACS and ACSES are immune from suit and this Court never had subject-matter jurisdiction over this case. Doc. 105, Mot. for Relief from J., 3.

In *Yearsley*, the Supreme Court held that if the government conferred authority to perform a project upon a contractor then, the contractor assumes no liability for performing as directed. 309 U.S. at 20–21. This is the crux of Johnson's argument and he quotes this exact section in *Campbell-Ewald Co.*, which directly quotes from *Yearsley*. Doc. 105, Mot. for Relief from J., 4. Thus, the applicable case law from *Yearsley*—stated in 1940—regarding derivative sovereign immunity did not change in *Campbell* and if it did, Johnson fails to argue how it changed. To further evince a lack of

change in case law, the dissents in *Campbell-Ewald Co.* only disagree with whether the matter was moot before reaching the Supreme Court and not about the application of derivative sovereign immunity. *See* 136 S. Ct. at 677–78 (Roberts, J., dissenting); *Id.* at 683 (Alito, J., dissenting). Thus, the Court finds no change in applicable law or the absence of applicable law that was not already present at the time of appeal.

Additionally, Johnson provides no explanation for why a finding of derivative sovereign immunity for ACS and ACSES would change the outcome of his case since ACS and ACSES would then be immune from suit. *Campbell-Ewald Co.* explicitly states that any immunity derived from the sovereign by an agency performing work for the United States is not absolute. *Id.* at 672. The exception to immunity is "[w]hen a contractor violates both federal law and the Government's explicit instructions." *Id.* at 672. Thus, unless Johnson could prove a violation of federal law and government instructions, ACS and ACSES would maintain derivative sovereign immunity and are immune from suit. But Johnson fails to provide, and the Court does not find, any factual allegations of an exception to derivative sovereign immunity, which would then allow him to sue ACS and ACSES and potentially alter the outcome of his case. Thus, in addition to finding this Motion untimely, the Court is unwilling to find this presents an "extraordinary circumstance" to disturb this Court's prior judgment.

## IV.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Relief from Judgment.

SO ORDERED

SIGNED: June 10, 2019.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE